## FINDLEY *vs.* LAWLESS.

In an application for dower, since the Act of 21st February, 1850, no person but the administrator of deceased, can be made a party to the proceeding for the purpose to contest the right of the widow to have dower assigned her.

Dower, in Dawson Superior Court. Decision by Judge RICE, at February Term, 1860.

Nancy Pinion, widow of Stokes Pinion, deceased, made application to the Superior Court of Dawson county, for the appointment of commissioners to lay off and assign to her dower in lands, of which she alleged her late husband died, seized and possessed. Due and legal notice of this application was given to Calvin J. Lawless, the administrator of said deceased, and objection made, commissioners were appointed as provided by law, who made their return to the next term of said Court, assigning dower in said land to the said Nancy. At this term of the Court, Samuel R. Findley appeared and filed his objections to said return, and to its being made the judgment of the Court upon the grounds:

1st. That said Nancy Pinion had never been married to said Stokes Pinion, deceased.

2d. That said land had been legally sold by said administrator and bought by said Findley.

The presiding Judge held and decided that, this being a proceeding between the widow and the administrator, to which Findley was not a party, he had no right to be heard in this form, and ordered the return of the commissioners to be made the judgment of the Court, to which decision counsel for Findley excepted.

WM. MARTIN, represented by EZZARD, for plaintiff in error.

IRWIN & LESTER, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The only question in this case is this: Whether, upon the application of a widow for dower, she having given notice of

Findley *vs.* Lawless.

such intention to the administrator of her deceased husband, a third person, on his own motion, can come into Court, cause himself to be made a party to the proceeding, and resist her right to have dower assigned to her? The Court below decided that he could not, and we concur in that opinion.

By the Act of 7th of December, 1824, *Cobb's Dig.*, 228, any person interested in the lands upon which the widow claimed dower, could traverse and deny the right of the applicant. When an issue was formed and tried by a special jury, under the provisions of that Act, the widow was required to give notice of her intended application to all persons interested in the land. This made them proper parties to that proceeding, and entitled them to be heard; and the judgment of the Court making the assignment, concluded all parties affected with notice. The Act of 21st February, 1856, *Cobb*, 231, very materially changed the law in relation to the assignment of dower. By that Act, it is only necessary for the applicant to give notice to the representative of the estate of the deceased person in whose land the dower is claimed, instead of to all parties interested, as heretofore. No provision is made for bringing in third persons, and adjudicating their rights in respect to the land, nor does that seem to have been contemplated. The intention of the Legislature evidently was, to provide a more simple and summary remedy, for the assignment of dower to the widow, than that previously afforded by law. And if the Court allowed her application to be thwarted and delayed by litigation with adverse claimants, or others, the object of the law would be defeated. The right of such third persons cannot be affected by the judgment to which they are no parties, unless they claim as heirs at law, or from the administrator, and in that case, they must litigate through the administrator and through him only.

Judgment affirmed.